## MacBeth v. MacBeth

*Ralph L. S. Montana,* for James T. MacBeth.
*Gerald C. Bish,* for Betty I. MacBeth.

SNYDER, *P.J.,* August 14, 1985—This is a divorce case in which the parties are unable to agree upon the distribution of their marital property.

The principal area of disagreement is the value of defendant's interest in a real estate holding partnership. Ordinarily the determination of the value of such an interest would not present any special problem. However, in this case defendant and his partner, Jack T. MacBeth (defendant's father) had the good fortune of having had a creditor (Mary T. MacBeth, who is defendant's grandmother and Jack T. MacBeth's mother) forgive the balance due ($203,811) on a real estate purchase agreement defendant and his father had entered into with Mary T. MacBeth in August of 1978.

This unusual event has raised two questions: First, did Mary T. MacBeth intend to benefit plaintiff as well as defendant when she forgave the indebtedness? Second, assuming that the forgiven debt was a gift to just defendant and his father, is one-half (defendant and his father are equal partners) of the amount of the forgiven debt, property acquired by defendant by gift and therefore property

which is not to be included with defendant's other marital property as provided in section 401(e)(3) of the Divorce Code, 23 P.S. 401?

The second question is one of first impression for this court. We find no reported cases in Pennsylvania or elsewhere that have previously dealt with such a situation. After careful consideration we come to the conclusion that having had a debt forgiven does not constitute acquisition of property by gift within the meaning of section 401(e)(3) of the Divorce Code.

Having arrived at that conclusion, the first question posed, i.e. who the donor intended to benefit when she forgave the debt, is rendered moot.

## FACTS

Plaintiff and defendant were married in 1967. In August of 1978, defendant formed a real estate holding partnership with his father. Defendant and his father then entered into an agreement with Mary T. MacBeth to purchase the tract of land and improvements that Mary T. MacBeth and her late husband, George R. MacBeth, had owned for many years in the Cook Forest area in Jefferson County, Pa. Mary and George MacBeth had developed a resort type business on the tract of land, which business included 27 cabins, a restaurant, a store and a gift shop building. The purchase price of the property and improvements was $250,000.

Also in August of 1978, defendant and his father formed a corporation known as "MacBeth Cabins, Inc." This corporation then leased the real estate and improvements from defendant and his father. The corporation operated the MacBeth Cabins business activity and plaintiff, although not a stockholder in the MacBeth Cabins, Inc. was very

actively involved in the day to day operation of that business.

In May of 1982, Mary T. MacBeth, then 75 or 76 years of age, forgave the balance of the indebtedness due under the agreement of August, 1978. A United States Gift Tax Return was filed that set forth that Mary T. MacBeth had made a gift of $101,905 to defendant and that a gift of a like amount had also been made to her son, Jack E. MacBeth.

Plaintiff and defendant separated on September 30, 1983 and plaintiff has brought a divorce proceeding in which she seeks, inter alia, distribution of marital property.

## DISCUSSION

Plaintiff contends, and defendant concedes, that defendant's interest in the real estate that he and his father hold as partners is marital property inasmuch as such property was acquired during the marriage. However, defendant contends that for marital property distribution purposes the value of his interest in that property must be reduced by $101,905, i.e., one-half of the amount of the debt forgiven.

In support of that contention, defendant points to section 401(e)(3) of the Divorce Code, supra, which in essence provides that property acquired by gift, bequest, devise or descent by either party during their marriage is not included as marital property for distribution in a divorce proceeding. The relevant portion of that section of the Divorce Code reads as follows:

"For purposes of this chapter only, 'marital property' means all property acquired by either party during the marriage except . . . (3) property ac-

quired by *gift,* bequest, devise or descent except for the increase in value during the marriage." (Emphasis added.)

Plaintiff's response to that is that in the process of forgiving a debt the donor has not transferred any property to the donee so that it can be said that there has been an acquisition of property within the meaning of section 401(e)(3).

Plaintiff contends the forgiveness of the debt merely extinguished defendant's liability and although the forgiven debt may be viewed as a gift by the Internal Revenue Service, it does not necessarily follow that for marital property distribution purposes such gift constitutes acquisition of property. We accept that reasoning.

Furthermore, we believe the equities in this particular case call for including the full value of defendant's interest in the partnership property as marital property. It has been said in Flynn v. Flynn, 341 Pa. Super. 76, 491 A.2d 156 (1985), that the court has broad equitable powers in this area. Here, when Mary MacBeth was asked whether she intended to make a gift to plaintiff, Betty MacBeth, she responded, "Well, I don't know. She is Jim's wife." Also plaintiff has been very actively involved in the operation of the MacBeth Cabins business and we believe it only fair and just that she should equally share in defendant's good fortune of having his debt forgiven.

## ORDER

And now, August 14, 1985, for the reasons given in the court's opinion accompanying this order,

It is hereby ordered that the interest of James T. MacBeth in the real estate purchased by James T. MacBeth and Jack T. MacBeth from Mary T. MacBeth shall be included with James T. MacBeth's

other marital assets at the full value of such interest without any reduction in marital asset value by reason of the fact that Mary T. MacBeth forgave the balance owed by James T. MacBeth and Jack T. MacBeth on the purchase price of said real estate.